**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

COÖPERATIEVE RABOBANK U.A., NEW YORK BRANCH, BROWN BROTHERS HARRIMAN & CO., BANK HAPOALIM B.M., MITSUBISHI INTERNATIONAL CORPORATION, ICBC STANDARD BANK PLC, TECHEMET METAL TRADING, LLC, MERCED PARTNERS LTD. PARTNERSHIP, ATHILON CAPITAL CORP., and HAIN CAPITAL INVESTORS MASTER FUND, LTD.,

      Plaintiffs,

v.

EISNERAMPER LLP,

      Defendant.

_____/

Removed from:

Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida

Civil Division

Case No.: 2020-007685-CA-01

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant EisnerAmper LLP ("EisnerAmper"), pursuant to 28 U.S.C. §§ 1334(b), 1441, 1446, and 1452, hereby removes the entire above-captioned civil action, and all claims and causes of action in that action, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, to the United States District Court for the Southern District of Florida.[1]  The Complaint in this action is related to a pending bankruptcy proceeding in the Bankruptcy Court for the Southern District of New York, under Chapter 11 of the Bankruptcy Code.

---

[1] EisnerAmper will promptly file a motion to transfer this case to the United States District Court for the Southern District of New York.

EisnerAmper respectfully provides the following statement in support of this removal:

1. On or about April 3, 2020, Plaintiffs filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The case was assigned Case Number 2020-007685-CA-01.

2. Defendant EisnerAmper was served on April 24, 2020.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached to this Notice of Removal as Exhibit 1. A copy of the docket in the action is attached as Exhibit 2.[2] There are no pending motions, and no responsive pleading or motion has been filed yet.

**Statutory Basis for Jurisdiction and Removal**

4. 28 U.S.C. § 1441(a) provides for removal of this action:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5. 28 U.S.C. § 1334(b) provides for original jurisdiction in the district courts in cases related to certain bankruptcy cases:

---

[2] Also attached are Exhibits 3 through 12, consisting of the all of the remaining documents filed in the Circuit Court action removed to this Court, *Coöperatieve Rabobank U.A., New York Branch et al. v. EisnerAmper LLP*, Case No. 2020-007685-CA-01, Eleventh Jud. Cir. Court, Miami-Dade County, FL: Electronic Civil Summons 20 Day (Ex. 3); Issued Civil Summons. (Ex. 4); Order on Motions and Memo Requirements (Ex. 5); Mandatory Order to Confer and Certification Requirement (Ex. 6); Notice and Order of Adherence to Complex Business Litigation Section Procedures (Ex. 7); Notice of Designation of Email Address (Ex. 8); Verified Motion to Appear Pro Hac Vice Pursuant to Rule 1-3.11, Rules Regulating the Florida Bar and Florida Rule of Judicial Administration 2.510 of Andrew Solomon (Ex. 9); Order Granting Motion for Admission to Appear Pro Hac Vice Pursuant to Florida Rule of Judicial Administration 2.510 (of Andrew Solomon) (Ex. 10); Notice of Special Set Hearing CMC (Ex. 11); Notice and Order of Adherence to Complex Business Litigation Section Procedures and Notice of Hearing and Order on Case Management Conference (this document is not available to download as it is listed as "Pending Redaction" and therefore not attached although it appears on the docket); and Notice of Appearance and Designation of Email Addresses (Ex. 12).

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

6.  28 U.S.C. § 1452(a) provides for removal to this Court, as the action is currently pending in Miami-Dade County, which is within this District.

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

**The Republic Bankruptcy**

7.  As the Complaint demonstrates, the claims in this action are related to the pending Chapter 11 bankruptcy proceedings of Republic Metals Corporation ("Republic"), which was filed in November 2018 in the Southern District of New York and remains pending. *See* Complaint (Exhibit 1 hereto) ¶¶ 4, 68-69.

8.  Republic and several of its affiliated companies filed Chapter 11 bankruptcy petitions in the U.S. Bankruptcy Court for the Southern District of New York on November 2, 2018. [3] *See In re Republic Metals Refining Corporation*, Case No. 18-13359 (U.S. Bankr. Ct. S.D.N.Y.) (the "*Republic Bankruptcy*"), D.E. 1.

**Parties**

9.  The Plaintiffs in this case (or their predecessors), Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank PLC, Techemet Metal Trading, LLC, Woodforest

---

[3] Republic Metals Corporation and its subsidiaries and affiliates each filed bankruptcy petitions, and all are jointly administered under Case No 18-13359.

3

National Bank[4], and Bank Luemi USA[5], appeared in the Republic Bankruptcy and asserted their rights as senior secured lenders to the Debtors. *Republic Bankruptcy*, D.E. 21.

10. Defendant EisnerAmper was Republic's auditor for the year ended December 31, 2016. Complaint ¶ 1, 22.

11. According to the Plaintiffs, at the time of the Bankruptcy Petition, Republic was indebted to the Plaintiffs for more than $177 million. Complaint ¶ 69. They allege that they relied on EisnerAmper's audit of Republic for the year ended December 31, 2016, *id*. ¶¶ 47-62, 74, and that their damages exceed $60 million. *Id*. ¶ 76.

**Relatedness**

12. Each of the Plaintiffs was a secured lender to Republic. They are included in the reference to Secured Parties in Republic's Plan of Liquidation in the *Republic Bankruptcy*.

13. Each of the Plaintiffs alleges that it received and relied on a copy of EisnerAmper's Audit Report in connection with its lending relationship with Republic. Complaint ¶¶ 47-62.

*Republic's Confirmed Plan and Plaintiffs' Assignment of Claims*

14. As set forth below, any claims (or proceeds of claims) that the Plaintiffs may have against EisnerAmper are assigned to the Liquidation Trust established in connection with Republic's Plan of Liquidation.

15. The Plan of Liquidation for Republic was confirmed on December 23, 2019 (the "Plan"). *Republic Bankruptcy*, D.E. 1668. It became effective on January 7, 2020. *Id.,* D.E. 1682.

16. "Secured Parties" in the Plan are defined as

---

[4] Woodforest is the predecessor in interest to Athilon Capital Corp.. LLC and Merced Limited Partnership, plaintiffs in this matter. *See* Complaint ¶ 13.

[5] Bank Leumi is the predecessor in interest to Hain Capital Investors Master Fund, Ltd., plaintiff in this matter. *See* Complaint ¶ 14,

4

**1.92. Secured Parties**. Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank Plc, Techemet Metal Trading LLC, Woodforest National Bank, Bank Leumi USA, and including their transferees and successors in interest, including but not limited to Hain Capital Investors Master Fund, Ltd., Merced Partners Limited Partnership and Athilon Capital Corp. LLC.

*Id.* D.E. 1668 at 56. These are the Plaintiffs in this action.

17.     The Debtor's confirmed plan of liquidation provides for "MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN" via a Litigation Trust in Article 8. *Republic Bankruptcy,* D.E., 1668 at 68.

18.     The claims (or proceeds of claims) in this action were assigned to the Litigation Trust:

> a.      ¶ **8.1.5. Assignment of Claims to Litigation Trust**. On the Effective Date, the . . . the Secured Parties shall assign and be deemed to have assigned the Assigned Claims and the Assigned Proceeds of Auditor Claims to the Litigation Trust…

*Republic Bankruptcy*, D.E. 1668 at 68.

> b.      Assigned claims and Assigned proceeds are defined as
>
> ¶ 1.13. **Assigned Claims**. All Causes of Action that any Secured Party may have against any . . . . auditor, [or] accountant, . . . arising out of or relating in any way to the Secured Parties relationship or transactions with the Debtors, including without limitation, . . .(y) the ***Auditor/Lender Claims***.
>
> ¶ **1.14. Assigned Proceeds of Auditor Claims**. The Litigation Trust's portion of the net proceeds of any Auditor/Lender Claim pursuant to the Auditor Claim Waterfall.

*Id.,* D.E. 1668 at 49 (emphasis added)

> c.      Auditor/Lender Claims are defined as :
>
> ¶ **1.15. Auditor/Lender Claim**. Any rights, claims, and causes of action that Secured Parties have or may have against Maria I. Machado, P.A., Crowe LLP and EisnerAmper LLP that arise out of or relate in any way to the Secured Parties' relationship or transactions with the Debtors, . . .

5

*Id.,* D.E. 1668 at 49.

19. Proceeds of claims such as those set forth in the Complaint in this action become the source of funds for the Litigation Trust:

> ¶ **1.16. Auditor Claim Waterfall**. Subject to any reasonable agreement with respect to a contingency fee, the net proceeds of any Auditor/Lender Claim shall be distributed (i) first, 100% to the Secured Parties until the Secured Parties receive $3,000,000; (ii) second, 50% to the Secured Parties and 50% to the Litigation Trust until the Secured Parties receive an additional $5,500,000; and (iii) third, 100% to the Litigation Trust.

*Republic Bankruptcy*, D.E. 1668 at 50.

> ¶ **1.66. Litigation Recoveries**. The Assigned Proceeds of Auditor Claims plus the net proceeds, other than the Secured Party Litigation Recovery Right, of (a) the Assigned Claims and (b) Retained Causes of Action.

*Id.* at 54

> ¶ **1.102. Trust Assets**. The Estate Litigation Fund, 503(b)(9) Fund, the Retained Causes of Action, the Assigned Claims, the Assigned Proceeds of Auditor Claims, the Ownership Reserve, and the Priority Reserve, Disputed Claims Reserve, together with any and all income earned on and proceeds of such assets, and any and all other Assets of the Debtors that have not been abandoned.

*Id.* at 57.

20. Indeed, the Plaintiffs cannot resolve the claims in the Complaint without consent from the Litigation Trustee:

> ¶ **8.5.2.** The Secured Parties shall not terminate or withdraw from any Auditor/Lender Claims, except as provided for under this Section 8.5 or upon the consent of the Litigation Trustee, which consent shall not be unreasonably withheld. The Secured Parties shall not settle any Auditor/Lender Claims without the prior approval of the Litigation Trustee, which approval shall not be unreasonably withheld.
> . . . .
> ¶ **8.5.5.** The Secured Parties shall consult with the Litigation Trustee on any significant matters relating to the prosecution of the Auditor Claims.

D.E. 1668, at 70.

21. The Litigation Trust funds Republic's Plan of Liquidation.

6

> **¶1.4 Nature and Purpose of Litigation Trust.**
> (a) Purpose. The purposes of the Litigation Trust are to hold and effectuate an orderly disposition of the Trust Assets, to resolve Claims and prosecute Retained Causes of Action and Assigned Claims, to attend to matters concerning the Auditor/Lender Claims pursuant to Section 8.5 of the Plan, to distribute or pay over the Trust Assets, or proceeds thereof, in accordance with this Agreement and the Plan, and to wind-down the Estates of the Debtors, with no objective or authority to engage in any trade or business.

*Republic Bankruptcy*, D.E. 1668 at 90, Litigation Trust Agreement.

### Removal Jurisdiction

22. Based upon the foregoing, the claims in the Complaint are related to the Republic Chapter 11 Bankruptcy.

23. Therefore, removal is appropriate because this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1334 (b) and 1452(a), and the action could have been brought in this Court originally.

24. The Complaint is pending in Miami-Dade County, which is within the Southern District of Florida. Thus, jurisdiction on removal is appropriate in this Court.

### Timeliness

25. Defendant EisnerAmper was served on April 24, 2020.

26. This notice is timely filed under 28 U.S.C.§ 1441(a), as it is filed within 30 days of service.

### Legal Authority

27. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and

which in any way impacts upon the handling and administration of the bankruptcy estate." *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (*quoting Matter of Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir. 1990)).  This jurisdictional grant is "extremely broad."  *Toledo*, 170 F.3d at 1345.  Because these claims or their proceeds are assigned in part to the Litigation Trust which forms an integral part of the Plan, they impact the handling and administration of the bankruptcy estate.

28. An action is "related to" a bankruptcy proceeding even when the claims are between third parties.

> Congress did not delineate the scope of "related to"[5] jurisdiction, but its choice of words suggests a grant of some breadth. The jurisdictional grant in § 1334(b) was a distinct departure from the jurisdiction conferred under previous Acts, which had been limited to either possession of property by the debtor or consent as a basis for jurisdiction. . . . Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate . . .

*Celotex Corp. v. Edwards*, 514 U.S. 300, 307–9 (1995) (citations and quotations omitted).

**Other Procedural Matters**:

29. In 2019, Plaintiffs or their predecessors in interest sued the previous auditors for Republic.  *Coöperatieve Rabobank U.A., New York Branch, et. al, v. Crowe, LLP,* Case No. 2019-018945 (CA 01) (Fla. 11th Jud. Cir.).  That case was promptly removed to this Court as related to the pending Republic Bankruptcy. *Coöperatieve Rabobank U.A., New York Branch, et. al, v. Crowe, LLP*, Case No. Case 1:19-cv-23100-DPG (S.D. Fla.).  Although Plaintiffs moved for an order of remand [D.E. 7], the District Court, on the motion of Crowe, transferred the action to the United States District Court for the Southern District of New York, allowing the motion for remand to be determined in New York.. *Id.*, D.E. 16 (S.D. Fla. Feb. 20, 2020).  The Southern District of New York then transferred the case to the Bankruptcy Court. *Coöperatieve Rabobank U.A., New York Branch, et. al, v. Crowe, LLP,* Case No. 1:20-cv-01556-LGS, D.E. 24 (S.D.N.Y. Mar. 16,

2020). The action is pending in the Bankruptcy Court as *Coöperatieve Rabobank U.A., New York Branch, et. al, v. Crowe, LLP,* Adv. Proc. No. 20-01061-shl (S.D.N.Y Bktcy.). The Plaintiffs did not contest subject matter jurisdiction under the "related to" test.

30. This is not a core proceeding. EisnerAmper does not waive its right to a jury trial, nor does it consent to trial by or entry of a final judgment by the Bankruptcy Court.

31. A copy of this Notice will be served immediately after its filing with this Court by email on counsel for the Plaintiffs and filed electronically with the Circuit Court for the Eleventh Judicial Circuit of Florida, where the Complaint is presently pending.

32. Copies of all filings in the action pending in the state court are attached hereto.

33. Shortly after filing this Notice of Removal, Defendant intends to move this Court to transfer the matter to the United States District Court for the Southern District of New York, where by standing order of that Court, the action will likely be further transferred to the Bankruptcy Court for the Southern District of New York for all appropriate pretrial matters.

34. Defendant further intends to respond to the Complaint with a motion to dismiss.

**WHEREFORE,** Defendant EisnerAmper requests that the Court accept the removal of this entire action from the Circuit Court for the Eleventh Judicial Circuit of Florida, in Miami-Dade County, Florida.

9

Dated:   May 13, 2020                                      Respectfully submitted,

/s/ Deborah S. Corbishley
Deborah S. Corbishley
Richard H. Critchlow
KENNY NACHWALTER, P.A.
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile:   (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com

*Attorneys for Movant Defendant
EisnerAmper LLP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via electronic mail upon counsel listed on attached the service list.

s/ *Deborah S. Corbishley*
Deborah S. Corbishley

**SERVICE LIST**

Andrew T. Solomon
SOLOMON & CRAMER LLP
1441 Broadway, Suite 6026
New York, NY 10018
Telephone:  (212) 884-9102
Facsimile:  (516) 368-3896
asolomon@solomoncramer.com

Scott Jay Feder, P.A.
4649 Ponce de Leon Boulevard
Suite 402
Coral Gables, FL 33146
Telephone:  (305) 669-0060
Facsimile: (305) 669-4220
Scottj8@aol.com

*Attorneys for Plaintiffs*

Richard H. Critchlow, Esq.
Deborah S. Corbishley, Esq.
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rhc@knpa.com
dsc@knpa.com

*Attorneys for Movant Defendant EisnerAmper LLP*