UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22009-MGC

COÖPERATIEVE RABOBANK U.A.,
NEW YORK BRANCH, BROWN BROTHERS
HARRIMAN & CO., BANK HAPOALIM B.M,
MITSUBISHI INTERNATIONAL CORPORATION,
ICBC STANDARD BANK PLC, TECHEMET
METAL TRADING, LLC, MERCED PARTNERS
LIMITED PARTNERSHIP, ATHILON CAPITAL
CORP., LLC, and HAIN CAPITAL INVESTORS
MASTER FUND, LTD.,

    Plaintiffs,

v.

EISNERAMPER LLP,

    Defendant.
_____/

## STIPULATION

WHEREAS, plaintiffs filed this action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, seeking damages against defendant Eisner in connection with its audit of Republic Metals Corporation ("Republic");

WHEREAS, defendant timely removed this case to this Court pursuant to 28 U.S.C. §§ 1334(b), 1367, 1441, 1446, and 1452, and filed a motion to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York, where a bankruptcy action involving Republic is proceeding before The Honorable Sean H. Lane, In re Miami Metals, Case No. 18-13359(SHL);

WHEREAS, the plaintiffs intend to move to remand the case to state court under the abstention doctrines pursuant to 28 U.S.C. § 1334(c) and equitably under 18 U.S.C. §§ 1447 and 1452;

WHEREAS, in the interest of avoiding the expense and delay of contesting transfer, plaintiffs are willing to stipulate to the case transferring to the bankruptcy court in the S.D.N.Y, so that Judge Lane can decide the abstention and remand motion;

NOW, THEREFORE, it is hereby stipulated and agreed that

1.    This civil action shall be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a);

Case No. 1:20-cv-22009-MGC

2. If the case is not automatically referred to the bankruptcy court, the parties will submit a joint letter to the District Court Judge recommending that the case be referred to the bankruptcy court judge for pretrial purposes pursuant to the Amended Standing Order of Reference, 12 Misc. 00032 (M10-468), but without prejudice to the parties' rights later to object or contest the bankruptcy court's jurisdiction on any ground, to seek to withdraw the reference, to demand that the case be tried before a District Judge, or otherwise;

3. Defendant Eisner's time to move or answer in response to the complaint is extended to 30 days following the decision by the bankruptcy court on Plaintiffs' motion to abstain.

4. This stipulation is for the convenience of the parties and to conserve judicial resources and shall not be used by any party as evidence against any other party with respect to any issue in the case, including questions concerning jurisdiction, choice of law, and the like.

Respectfully submitted,

/s/Richard H. Critchlow, Esq.
Richard H. Critchlow, Esq.
Deborah S. Corbishley, Esq.
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
(t) 305-373-1000
(f) 305-372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com

/s/Andrew T. Solomon, Esq.
Andrew T. Solomon, Esq.
SOLOMON & CRAMER LLP
1441 Broadway, Ste. 6026
New York, New York 10018
(t) 212-884-9102
(f) 516-368-3896
asolomon@solomoncramer.com

/s/Scott Jay Feder, Esq.
Scott Jay Feder, Esq.
SCOTT JAY FEDER, P.A.
4649 Ponce de Leon Blvd., Ste. 402
Coral Gables, Florida 33146
(t) 305-669-0060
(f) 305-669-4220
scottj8@aol.com
assistantscottjfeder@hotmail.com

Dated: May 27, 2020